UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEPHEN P. DZIADIK**,

    Plaintiff,

v.                                                                                  Case No. 8:24-cv-2789-WFJ-TGW

**OFFICER TAUREEN MATHIS**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Taurean[1] Mathis' Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 30. Plaintiff, proceeding *pro se*, subsequently filed a Motion to Amend his Amended Complaint. Dkt. 31. Defendant responded. Dkt. 32. For the reasons explained below, the Court will grant Plaintiff one final opportunity to amend and find Defendant's Motion to Dismiss as moot.

## BACKGROUND

The next complaint Plaintiff files will be, in essence, his fifth attempted complaint. Plaintiff filed his first complaint, which the Court dismissed for failure to state a claim. Dkts. 1, 24. Plaintiff had twenty-one days to file an amended complaint. Dkt. 24 at 10. On the twenty-first day, he filed a motion to amend rather

---

[1] Officer Mathis' first name is misspelled in Plaintiff's Amended Complaint. Dkt. 30 at 1.

1

than filing the amended complaint. Dkt. 25. The motion to amend included a proposed amended complaint. Dkt. 25-1 at 1–5. The Court granted the motion to amend, but the Order cautioned that the proposed amended complaint was not tenable. Dkt. 26. Plaintiff thereafter timely filed a different amended complaint. Dkt. 27. Now, Defendant moves to dismiss that amended complaint for failure to state a claim. Dkt. 30. Plaintiff subsequently moves to file a second amended complaint. Dkt. 31. The motion includes a proposed second amended complaint, which contains its own deficiencies. *Id.* at 5–10.

The proposed second amended complaint contains a factual section detailing much of what Plaintiff and the Court have discussed in previous filings. Dkts. 31 at 6; 24 at 2–5. In short, Plaintiff alleges he suffered an injury in November 2023 and, despite calls to EMS, police officers arrived at the scene. Dkt. 31 at 6. Plaintiff alleges they aggressively apprehended him, handcuffed him, and denied him medical care and access to legal counsel. *Id.* Plaintiff associates an Officer Spatz with this incident, but does not describe specifically what he did. *Id.* Officers then took Plaintiff to the Pinellas County Jail, where he was restrained in a "Devil's Chair" "to the point of near asphyxiation" and "without medical attention" for hours. *Id.* Officer Mathis allegedly "ordered" this restraint. *Id.* Also at the jail, officers allegedly threatened and maltreated Plaintiff, especially utilizing "Stun Cuffs" to shock him. *Id.* An Officer Cordona allegedly threatened Plaintiff and "led" this group of

officers. *Id.* Plaintiff's proposed second amended complaint names Officers Spatz, Mathis, and Cordona as defendants. *Id.* at 5.

The two counts in the proposed second amended complaint, however, do not specifically relate to these facts. The first count alleged is "Conspiracy to Violate Civil Rights (42 U.S.C. §§ 1983, 1985(3)) and Pattern of Retaliatory Abuse." Dkt. 31 at 6. This count alleges a months-long coordinated campaign against Plaintiff by various police departments, jails, and medical centers. *Id.* at 7. The second count is "Economic Damages (Loss of Business, Brand Opportunity, and Reputational Harm)," alleging losses related to the dissolution of his company following this campaign. *Id.*

## DISCUSSION

As pled, the causes of action Plaintiff intends to raise in the proposed second amended complaint are unclear and insufficient. To the extent Plaintiff intends to sue Officer Spatz, Officer Mathis, and Officer Cordona, the exact nature of the claims made against each officer is unclear. Section 1983 claims such as false arrest, excessive force, or deliberate indifference to serious medical need are all distinct claims, and must all be alleged clearly as to each defendant against whom the allegation is made. *See, e.g.*, *Richmond v. Badia*, 47 F.4th 1172, 1179–82 (11th Cir. 2022) (explaining Fourth Amendment false arrest and excessive force Section 1983 claims); *Crocker v. Beatty*, 995 F.3d 1232, 1246–53 (11th Cir. 2021) (explaining

3

Fourth and Fourteenth Amendment excessive force Section 1983 claims); *Hudson v. McMillian*, 503 U.S. 1, 4–7 (1992) (explaining Eighth Amendment excessive force Section 1983 claim); *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (explaining Fourteenth Amendment deliberate indifference to serious medical need Section 1983 claim); *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (explaining Eighth Amendment deliberate indifference to serious medical need Section 1983 claim).

To the extent Plaintiff intends to sue for a conspiracy to violate his civil rights, it is unclear who Plaintiff intends to name as defendants to that cause of action. The proposed second amended complaint appears to name only Officers Spatz, Mathis, and Cordona as defendants. Dkt. 31 at 5, 9. Yet, in the conspiracy count, Plaintiff alleges various police departments, jails, and medical centers are part of the conspiracy. *Id.* at 7. Plaintiff must clarify, among other things, precisely who reached an agreement to deny him a constitutional right. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1327 (11th Cir. 2015). And Plaintiff must specify in detail the nature of that agreement.

The Court has previously cautioned Plaintiff that he must plead separate counts, and the facts supporting each count must be clearly identified. Dkt. 26. That order is reiterated herein. Another failure to clearly allege his claims will result in the dismissal with prejudice of Plaintiff's complaint. *See, e.g.*, *Holmes v. City of*

4

*Clearwater*, No. 8:23-CV-1380-TPB-SPF, 2024 WL 1743362, at *2–3 (M.D. Fla. Apr. 23, 2024) (affording plaintiff one final opportunity to amend before dismissing the complaint with prejudice for failure to comply with the Court's order identifying deficiencies in the complaint); *Carden v. Mull*, No. 2:23-CV-435-ECM-SMD, 2025 WL 1096251, at *3–4 (M.D. Ala. Mar. 11, 2025), *report and recommendation adopted*, No. 2:23-CV-435-ECM, 2025 WL 1094915 (M.D. Ala. Apr. 11, 2025) (dismissing the complaint and finding further amendment futile where the Court afforded plaintiff several opportunities to correct deficiencies in the complaint, yet he failed to do so). Plaintiff is cautioned that his allegations of fact must be true.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Plaintiff's Motion to Amend, Dkt. 31, is **GRANTED**. Defendant's Motion to Dismiss, Dkt. 30, is found as **MOOT**. No further opportunities to amend will be granted. Plaintiff must file any second amended complaint by August 19, 2025. Failure to do so will result in dismissal of the action with prejudice.

**DONE AND ORDERED** in Tampa, Florida on August 5, 2025.

                                               */s/ William F. Jung*
                                               **WILLIAM F. JUNG**
                                               **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

Plaintiff, *pro se*