# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**STEPHEN P. DZIADIK**,

    Plaintiff,

v.   Case No. 8:24-cv-2789-WFJ-TGW

**SHERIFF BOB GUALTIERI**, official capacity, and **OFFICER TAUREEN MATHIS**, individually,

    Defendants.
_____/

## ORDER

Before the Court are Defendants Sheriff Bob Gualtieri and Taurean Mathis' Motions to Dismiss Plaintiff's Second Amended Complaint. Dkts. 37, 39. Defendant Sheriff Gualtieri also filed a motion to strike Plaintiff's Supplemental Second Amended Complaint. Dkt. 38. Plaintiff Stephen P. Dziadik, proceeding *pro se*, has failed to respond in opposition to any of the pending motions.[1] For the reasons explained below, the Court grants Defendants' motions to dismiss the Second Amended Complaint with prejudice and grants the motion to strike.

---

[1] The Court specifically directed Plaintiff "to respond to 39 MOTION to Dismiss for Failure to State a Claim Plaintiff's Second Amended Complaint and to Strike or Dismiss Plaintiff's Supplemental Second Amended Complaint, 38 MOTION to Strike Plaintiff's Supplemental Second Amended Complaint, and 37 MOTION to Dismiss for Failure to State a Claim Plaintiff's Second Amended Complaint. Responses due by 10/1/2025. If no response is filed, this case is subject to dismissal with prejudice." Dkt. 40. Because Plaintiff has failed to respond, the Court will treat the pending motions as unopposed. *See* Local Rule 3.01(d).

1

## BACKGROUND

The operative complaint is Plaintiff's fifth attempt to properly submit a pleading that complies with Federal Rule of Civil Procedure 8. On December 3, 2024, Plaintiff filed his first complaint, which the Court dismissed for failure to state a claim. Dkts. 1, 24. Plaintiff had twenty-one days to file an amended complaint. Dkt. 24 at 10. On the twenty-first day, he filed a motion to amend rather than filing the amended complaint. Dkt. 25. The motion to amend included a proposed amended complaint. Dkt. 25-1. The Court granted the motion to amend, but the Order cautioned that the proposed amended complaint was not tenable. Dkt. 26. Plaintiff thereafter timely filed a different amended complaint. Dkt. 27. Defendant Mathis moved to dismiss that amended complaint for failure to state a claim. Dkt. 30. Plaintiff subsequently filed another motion to amend, seeking leave to file another amended complaint. Dkt. 31. Again, Plaintiff attached a proposed complaint with his motion, *id.* at 5–10, which the Court warned was insufficient when granting Plaintiff's motion to amend. Dkt. 33. The Court specifically told Plaintiff that any amended complaint was due by August 19, 2025. *Id.* at 5. On August 19, 2025, Plaintiff filed his Second Amended Complaint, which is the operative complaint. Dkt. 34. However, on August 20, 2025, Plaintiff filed a "Supplemental Second Amended Complaint" without leave from the Court to do so. Dkt. 35.

The Second Amended Complaint and the Supplement contain a factual section, *see* Dkt. 34 at 2; Dkt. 35 at 2–4, which details much of what Plaintiff and the Court have discussed in previous filings. *See* Dkt. 24 at 2–5; Dkt. 33 at 2–3. Plaintiff, however, now names more than sixteen parties, including additional officers, neighbors, and unidentified Pinellas County Jail officers and medical staff. Dkt. 34 at 1. Plaintiff's operative complaint now contains over ten counts, alleging violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments under 42 U.S.C. § 1983; conspiracy under 42 U.S.C. § 1983; municipal liability under 42 U.S.C. § 1983; a *Bivens* claim; and an intentional infliction of emotional distress claim. *Id.* at 2, 5.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

3

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

The Court need not spend much time discussing the adequacy of each alleged count. A review of Plaintiff's Second Amended Complaint shows that Plaintiff totally failed to follow the Court's instructions, as there are few to no factual allegations contained within the operative complaint. Dkt. 34 at 2. The entirety of Plaintiff's Second Amended Complaint is a list of the ten counts, with one sentence each about how the "Defendants" violated each listed amendment. *Id.* Not only is this an improper "shotgun" pleading, *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (discussing the "sin of asserting multiple

claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"), but also a pleading requiring dismissal for completely failing to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court has previously cautioned Plaintiff that he must plead separate counts, and the facts supporting each count must be clearly identified. Dkt. 26; Dkt. 33 at 4. This Court also warned Plaintiff that "[a]nother failure to clearly allege his claims will result in the dismissal with prejudice of Plaintiff's complaint." Dkt. 33 at 4–5 (collecting cases). Plaintiff has failed to heed the Court's instructions, despite being provided several attempts to do so. As the Court previously cautioned, "[n]o further opportunities to amend will be granted." *Id.* at 5. Therefore, the Court grants Defendants' motions to dismiss with prejudice. *See Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1130, 1132–33 (11th Cir. 2019); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1290–91 (11th Cir. 2018).

Additionally, the Court grants Defendant Sheriff Gualtieri's motion to strike Plaintiff's untimely "Supplemental Second Amended Complaint." In general, Rule 15 indicates that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As such, an untimely amended pleading served without judicial permission may be considered "properly introduced" in situations

where leave would have been granted had it been sought or where it appears that the amendment would not prejudice the parties. *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (citation omitted). Plaintiff, however, failed to comply with the requirements of Rule 15(a) and did not comply with the Court's order that any amended complaint was due on August 19, 2025. Dkt. 33 at 5. Nor has an explanation been provided as to why the Court should accept the pleadings pursuant to Rule 15 when Plaintiff (again) failed to comply with the Court's order to respond to the pending motions to dismiss and strike. Dkt. 40. Therefore, the Court finds the Supplemental Second Amended Complaint was improperly and untimely filed and grants the motion to strike under Federal Rule of Civil Procedure 12(f). *See Hoover*, 855 F.2d at 1544 (finding "the district court acted properly in treating [the plaintiff's] supplemental pleading as a nullity, particularly since it was inclined to deny any motion for leave to amend that [the plaintiff] might have filed").

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Defendants' Motions to Dismiss, Dkts. 37, 39 are **GRANTED.** Plaintiff's Second Amended Complaint, Dkt. 34, is **DISMISSED with prejudice**.

2. Defendant Sheriff Gualtieri's motion to strike Plaintiff's Supplemental Second Amended Complaint, Dkt. 38, is **GRANTED**. Plaintiff's Supplemental Second Amended Complaint, Dkt. 35, is **STRICKEN.**

3. The Clerk is directed to **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on November 13, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*